UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
BAGAN TEWA, *pro se*, :
:
Appellant, :
: **MEMORANDUM & ORDER**
-against- : 09-CV-4474 (DLI)
:
M&T MORTGAGE CORP., :
:
Appellee. :
:
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

In this action, *pro se* Appellant Bagan Tewa appeals a September 1, 2009 Order of the Honorable Carla E. Craig, Chief Judge of the Bankruptcy Court, Eastern District of New York, granting relief from an automatic stay. Tewa filed his Notice of Appeal on September 16, 2009.[1] Appellee M&T Mortgage Corp. opposes the appeal, arguing that it should be dismissed as untimely pursuant to Rule 8002(c) of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the appeal is dismissed.

## DISCUSSION

The Federal Rules of Bankruptcy Procedure govern the appeal of a bankruptcy court order. *See, e.g.*, *Andruzzi v. Pryor*, 2007 WL 1100784, at *2 (E.D.N.Y. Apr. 4, 2007). Rule 8002 of the Federal Rules of Bankruptcy Procedure, which pertains to "Time for Filing Notice of Appeal," provides that the "notice of appeal shall be filed with the clerk within 10 days of the

---

[1] Because Appellant is *pro se*, the court will construe plaintiff's pleadings and papers "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

date of the entry of the judgment, order, or decree appealed from." FED. R. BANKR. P. 8002(a).[2] That deadline may be extended on application made to the bankruptcy judge either within the prescribed ten-day period or within twenty days after the expiration of that period "upon a showing of excusable neglect." FED. R. BANKR. P. 8002(c)(2).

Construing Rule 8002(a), the Second Circuit has held:

> We . . . follow our sister circuits in holding that the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect.

*Siemon v. Emigrant Savings Bank*, 421 F.3d 167, 169 (2d Cir.2005) (quotation marks omitted) (agreeing with district court's dismissal of *pro se* appellant's bankruptcy appeal on grounds that district court lacked jurisdiction to hear appeal because Notice of Appeal was untimely pursuant to Rule 8002(a)); *see also Hunt v. Thaler*, 2008 WL 4104574, at *1-2 (E.D.N.Y. Sept. 3, 2008) (dismissing *pro se* appellant's bankruptcy appeal on jurisdictional grounds where appellant filed untimely Notice of Appeal); *In re Walerstein*, 2008 WL 795327, at *2 (E.D.N.Y. Mar. 24, 2008).

Here, the deadline for filing any Notice of Appeal from the September 1, 2009 Order was September 11, 2009. However, Appellant did not file the Notice of Appeal until September 16, 2009, and he failed to request an extension of time within the required time limits. The Notice of Appeal is, therefore, untimely and the court lacks jurisdiction to consider the appeal.

---

[2] Pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure, weekends and holidays are included in the calculation of time under the Bankruptcy Code unless "the period of time prescribed or allowed is less than 8 days." FED. R. BANKR. P. 9006(a).

## CONCLUSION

For all of the reasons set forth above, Appellant Bagan Tewa's appeal is dismissed as untimely.

SO ORDERED.

Dated: Brooklyn, New York
September 28, 2010

/s/
DORA L. IRIZARRY
United States District Judge